## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 09 2017, 7:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputy Attorneys General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:

V.G. *(Minor Child)*,
*Child in Need of Services*

and

R.G. *(Mother)*

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

March 9, 2017

Court of Appeals Case No.
49A02-1605-JC-1071

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Roseanne Ang, Magistrate

Trial Court Cause No.
49D09-1511-JC-3428

**Robb, Judge.**

[1] R.G. ("Mother") petitions for rehearing of this court's opinion in *In re V.G.*, No. 49A02-1605-JC-1071 (Ind. Ct. App. Dec. 28, 2016). In that opinion, we affirmed the juvenile court's determination V.G. is a child in need of services ("CHINS"). Our decision relied upon Mother's inability to provide V.G. with his basic needs, Mother's own adjudication as a CHINS, Mother's unstable and inconsistent housing situation, and the fact Mother left V.G. with L.C. ("Father") and his paternal grandmother ("Paternal Grandmother"), neither of whom have established a guardianship, nor has Father established paternity. We grant rehearing to address Mother's claim, but reaffirm our opinion in all respects.

[2] On rehearing, Mother argues our opinion "relies on the fact that Father and Paternal Grandmother had not established legal guardianship or paternity[,]" despite the fact this court held in *In re C.S.*, 863 N.E.2d 413, 419 (Ind. Ct. App. 2007), *abrogated in part by In re N.E.*, 919 N.E.2d 102 (Ind. 2010), that failure to establish paternity was not evidence of neglect. Petition for Rehearing at 7. Initially, we note our decision in this case did not rely upon Father's and Paternal Grandmother's lack of guardianship and/or paternity; rather, that was one of numerous factors considered in affirming the juvenile court's adjudication of V.G. as a CHINS. Moreover, we disagree with Mother's interpretation of *In re C.S.* and its application to this case.

[3] In *In re C.S.*, C.S. was born to unwed parents, Loretta Savage and Christopher Montgomery. Montgomery was not present at C.S.'s birth, although he did visit the hospital several times. Savage did not name Montgomery as C.S.'s father on the birth certificate and Montgomery did not sign a paternity affidavit at the hospital. Following her birth, C.S. tested positive for benzodiazepines prompting the hospital to contact the Marion County Department of Child Services ("DCS"). Based on C.S.'s positive test and Savage's admission to drug use during her pregnancy, DCS filed a petition alleging C.S. to be a CHINS. An initial hearing was held that same day at which Savage admitted the allegations of the petition and C.S. was placed in foster care. Montgomery did not appear at the hearing. Following a fact-finding hearing at which Montgomery did appear, the juvenile court adjudicated C.S. a CHINS.

[4] On appeal, DCS attempted to justify the CHINS adjudication by relying on Montgomery's failure to establish paternity. We noted Montgomery had previously indicated his desire to establish paternity and concluded his "failure to establish paternity before the fact-finding hearing was not evidence of neglect on his part that would seriously impair or endanger C.S." *Id.* at 419 (internal quotation omitted).

[5] *In re C.S.* and the present case are distinguishable. First, *In re C.S.* does not establish as a matter of law that a juvenile court can never consider a lack of paternity or guardianship in a CHINS adjudication, only that DCS could not rely solely on that fact to support C.S.'s CHINS adjudication. *See id.* Second, a failure to establish paternity could not be evidence of serious impairment or

endangerment as C.S. never lived with Montgomery and was placed in foster care since birth.  Here, V.G. has lived with Father and Paternal Grandmother since shortly after his birth despite neither of them having a guardianship and Father never establishing paternity.[1]  In this case, Father's failure to establish paternity does directly implicate V.G.'s well-being because it demonstrates a failure to assure V.G. can be provided with any medical care he needs.

[6] For the reasons stated above, we reaffirm our decision in all respects.


Kirsch, J., and Barnes, J., concur.

---

[1] DCS' original concerns cited in their petition were that Father and Paternal Grandmother lacked any form of legal custody and therefore could not meet V.G.'s medical needs.